IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLINTON LEE POORES, #318593 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:19-CV-883-WC |
| | ) | (WO) |
| JEFF DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

On March 23, 2020, the plaintiff filed a document that the court construed to contain a motion for preliminary injunction in which he seeks preliminary injunctive relief regarding the postage provided to him for legal mail. Doc. 27 at 4 ("Plaintiff prays for the full rearage (sic) of postage he should have at his disposal to help with his legal claims, responses, relief, etc."). The court ordered the defendants to file a response to this motion. Doc. 30. The defendants filed a response opposing issuance of the plaintiff's motion for preliminary injunction, Doc 58, and also filed a special report, Doc. 20, and supplements thereto, Docs. 22, 48 & 59, which contain relevant information regarding such motion.[1]

Upon consideration of the motion for preliminary injunction and after review of the defendants' response to the motion, their reports containing information relevant to the

---

[1] The initial special report filed by the defendants, Doc. 8, dealt solely with his medical treatment claims.

motion and the numerous documents filed herein by the plaintiff, the undersigned finds that the motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if the plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion on each of the prerequisites).

### III.  DISCUSSION

In support of his motion for preliminary injunction, the court discerns that the plaintiff argues:  (i) He should be allowed to accumulate the two free stamps per week provided by correctional officials for legal mail regardless of whether he has any such mail during a particular week; (ii) He is due provision of whatever postage is necessary for his legal mail; (iii) Inmates should be allowed to "piggy back" mail by sending documents of more than one inmate in an envelope if the mail is addressed to the same recipient; (iv) The definition of legal mail should be expanded by correctional officials; and (v) Absent issuance of an injunction, his access to the courts may be limited.

Initially, even though he is indigent, the plaintiff is not entitled to unlimited postage for the purpose of filing legal documents. *Van Poyck v. Singletary*, 106 F.3d 1558, 1559 (11th Cir. 1997) (right of access to court does not entitle inmate to unlimited free postage); *Procup v. Strickland*, 760 F.2d 1107, 1114 n.9 (11th Cir. 1985) ("The supply of writing materials and postage for mailing pleadings to the court is not unlimited."); *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir. 1985) ("The district court did not err in holding that furnishing of two free stamps a week to indigent prisoners is (1) adequate to allow exercise of the right to access to the courts, and (2) adequate to allow a reasonable inmate to conduct reasonable litigation in any court.").

Insofar as the plaintiff alleges a potential adverse impact on his ability to access the courts, the law does afford incarcerated persons "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v.*

3

*Smith*, 430 U.S. 817, 825 (1977).  In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right recognized in *Bounds*.  Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury" arising from the alleged inadequacies in the law library, legal assistance program, or access provided by correctional officials.  *Lewis*, 518 U.S. at 349.  In identifying the particular right protected by *Bounds*, the Court explained that "*Bounds* established no ... right [to a law library or to legal assistance].  The right that *Bounds* acknowledged was the (already well-established) right of ***access to the courts***....  [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'"  *Id*. at 350–51 (emphasis in original) (citations omitted).

The Court further opined that *Bounds* did not require "that the State ... enable the prisoner … to ***litigate effectively*** once in court....  To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] ... the Constitution requires."  *Id*. at 354 (emphasis in original).  The Court similarly rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing.  *Id*. at 349.  Moreover, *Lewis* emphasized that a *Bounds* violation is related to the lack of an inmate's capability to present claims.  *Id*. at 356 ("*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the

4

courts."). Finally, the Court discerned that access is inadequate only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement." *Id*. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not ... thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832–833, 97 S.Ct. at 1500." *Id*. at 363.

The record in this case shows that the plaintiff has not been inhibited in his preparation of legal documents or the filing of such documents. Throughout the proceedings in this case, the plaintiff has demonstrated he is both proficient and prolific at presenting and arguing the claims of his choice to the court of his choosing. Nothing in the record indicates the actions for which the plaintiff seeks injunctive relief have improperly impeded or adversely affected his efforts to pursue nonfrivolous legal claims.

Turning to the prerequisites for issuance of preliminary injunctive relief, the court first finds that the plaintiff fails to demonstrate a substantial likelihood of success on the merits of his claims. Next, the plaintiff likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily

in favor of the defendants as issuance of the injunction would have an unduly adverse effect on the ability of prison personnel to exercise their professional judgment in the administration of the legal mail procedures in place for inmates.  Finally, the public interest element of the equation is, at best, a neutral factor at this juncture.  Thus, the plaintiff has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

For the above stated reasons, it is ORDERED that the motion for preliminary injunction (Doc. 27) filed by the plaintiff is DENIED.

DONE this 18th day of June, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE